UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICO MENEFEE,

                Plaintiff,                      Case No. 2:24-cv-13334

v.                                   Honorable Susan K. DeClercq
                                       United States District Judge

METROPOLITAN WAYNE COUNTY
INTERNATIONAL AIRPORT and JOHN
CLARK,

                Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINITFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

On December 13, 2024, Rico Menefee filed a complaint against Metropolitan Wayne County International Airport and John Clark, an alleged employee of Fastlink Shipping Company. ECF No. 1. He also filed an application to proceed *in forma pauperis*, averring he makes $1,600 a month. ECF No. 2 at PageID.12. Satisfied that Menefee cannot pay the filing fees and costs, his application to proceed *in forma pauperis* will be granted. However, as explained below, Menefee's Complaint will be dismissed without prejudice because this Court lacks subject-matter jurisdiction.

**I. BACKGROUND**

Menefee alleges that in September 2024, he received an email from someone

named "John Clark" purporting to work in the "Customer service department" at "Fastlink shipping company." ECF No. 1 at PageID.8. Clark informed Menefee that "customs officers at the airport seized [a] briefcase" sent to him by "the official management of Lisa Manoban"[1] in Seoul, South Korea. *Id.* Clark further informed Menefee that the briefcase included "A FAN MEMBERSHIP CARD, SOME GOLD CHAIN AND WRIST WATCH AND PHYSICAL CASH = \$5000.00." *Id.* However, Clark informed Menefee that "they"—although its not clear who "they" might be—"have demanded that [Menefee] pay a sum of \$100 to clear [the] briefcase and have it delivered to [Menefee] at [his] designated address." *Id.* Menefee alleges he was "told to pay the hundred dollars in an apple card," but "once the card was sent the defendants claimed that they could not use it," and told him to send an additional gift card.[2] *Id.* at PageID.5. But the briefcase was never delivered, despite Menefee sending Clark "a total of \$400." *Id.* So, Menefee filed this lawsuit, seeking "punitive damages, nominal damages, [and] compensatory damages for mental, physical, and emotional pain and suffering." *Id.* at PageID.6.

---

[1] Lisa Manoban is a member of the popular K-pop group, Blackpink. Kat Moon, *Everything to Know About K-pop Group* BLACKPINK, TIME (April 3, 2019, 9:57 PM), https://time.com/5562946/blackpink-k-pop-everything-to-know/ [https://perma.cc/X8AR-SW5C].

[2] Demanding payment in the form of a gift card is a hallmark of what have come to be known as "gift card scams." *See Avoiding and Reporting Gift Card Scams,* FED. TRADE COMM'N (July 2023), https://consumer.ftc.gov/articles/avoiding-and-reporting-gift-card-scams [https://perma.cc/S9J7-MAMZ].

## II. STANDARD OF REVIEW

Because Menefee proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). In addition to the § 1915(e)(2) screening process, district courts "must dismiss" any action over which it lacks subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3); *see also Lee v. Taylor*, No. 1:22-CV-354, 2022 WL 4007609, at *2 (S.D. Ohio Sept. 2, 2022) (noting that although 28 U.S.C. § 1915(e)(2) "does not expressly include reference to screening for subject matter jurisdiction," but its exclusion from § 1915(e)(2) is "largely irrelevant as a practical matter because federal courts have an ongoing duty to consider their subject matter jurisdiction and may raise the issue *sua sponte*." (cleaned up)).

When a plaintiff proceeds *pro se*, his or her pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, there are limits to this lenient treatment, and

"courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

Menefee's Complaint purports jurisdiction based on both federal question *and* diversity of citizenship. ECF No. 1 at PageID.3. But he cites no federal statute, treatise, or provision of the U.S. Constitution upon which his claims are based. *See id.* at PageID.4. Indeed, liberally construing the substance of Menefee's Complaint, it appears he is bringing a state contract or tort claim against Defendants—both state-law claims. *See generally id.* at PageID.5–8. Thus, there is no federal-question jurisdiction. *See* 28 U.S.C. § 1331.

And even construing Menefee's Complaint as bringing state-law contract or tort claims, it does not appear there is diversity jurisdiction either. *See* 28 U.S.C. § 1332 (requiring complete diversity among the parties and an amount in controversy exceeding $75,000 for the district court to hear a case under diversity jurisdiction). Indeed, Menefee alleges that both Defendants are Michigan citizens or entities. *Id.* at PageID.4. And even assuming they were *not* Michigan entities, the amount in controversy—$20,000—is not enough to file a civil complaint in federal district court. *Id.* at PageID.5; *see also* 28 U.S.C. § 1332. So there is no diversity jurisdiction, either.

In sum, because it is evident from the face of the Complaint that this Court lacks federal jurisdiction, Menefee's Complaint, ECF No. 1, will be dismissed without prejudice for lack of subject-matter jurisdiction under Civil Rule 12(h)(3). *See Lee v. Taylor*, No. 1:22-CV-354, 2022 WL 4007609, at *2 (S.D. Ohio Sept. 2, 2022) (dismissing complaint for lack of subject matter jurisdiction where plaintiff asserted both federal-question jurisdiction and diversity jurisdiction, but the substance of her complaint did not "bear out" facts to permit subject-matter jurisdiction under either avenue); *see also, El Tribe v. Michigan Recon, Inc.*, No. 14-13754, 2014 WL 5667293, at *3 (E.D. Mich. Nov. 3, 2014) (explaining "[a] lack of subject matter jurisdiction can and should be raised by a court *sua sponte*" and warrants dismissal).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma* Pauperis, ECF No. 2, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 12/20/2024